IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| OWAIIAN JONES, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:14cv00409 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| PUBLIC DEFENDERS, *et al.*, | ) | By: Michael F. Urbanski |
|     Defendants. | ) | United States District Judge |

Owaiian Jones, a Virginia inmate proceeding *pro se*, filed this civil action against several attorneys, some from the public defender's office and some privately employed. Given the nature of Jones' claims, the court construed and docketed Jones' complaint under 42 U.S.C. § 1983. After reviewing the complaint, the court concludes that the lawsuit must be summarily dismissed as frivolous.

The court must dismiss an action if the court determined that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

In support of his instant complaint, Jones alleges that the defendants "intentionally and without justification" told Jones "non-truths concerning facts and laws" in an effort to "gain and misuse" Jones' "confidences and secrets"; routinely discussed matters with two state court judges "to no benefit of" Jones; told Jones that he was "on tape stealing" even though he was "on tape walking around"; and told Jones they were on his side "but [were] not." Jones also alleges that two defendants asked Jones for sexual favors which Jones rejected.

The court's statutory authority to summarily dismiss frivolous complaints includes "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims

whose factual contentions are clearly baseless" or which describe "fantastic or delusional scenarios." Id. at 327-28. Jones' claims in this lawsuit fall squarely in this class and, accordingly, the court will summarily dismiss the action under § 1915(e)(2)(B)(i) as frivolous.[1]

Entered: **December 12, 2014**

*Michael F. Urbanski*

**Michael F. Urbanski**
**United States District Judge**

---

[1] The court notes that Jones has filed twenty-eight civil actions in this court since July 10, 2014. See Civil Actions Nos. 7:14cv337, 7:14cv399, 7:14cv408, 7:14cv409, 7:14cv410, 7:14cv412, 7:14cv415, 7:14cv416, 7:14cv480, 7:14cv481, 7:14cv482, 7:14cv483, 7:14cv499, 7:14cv500, 7:14cv501, 7:14cv502, 7:14cv513, 7:14cv514, 7:14cv515, 7:14cv520, 7:14cv521, 7:14cv522, 7:14cv523, 7:14cv524, 7:14cv525, 7:14cv541, 7:14cv542, and 7:14cv543. Jones is advised that inmates do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive, or vexatious motions. Demos v. Keating, 33 F. App'x 918 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2001); In re Vincent, 105 F.3d 943 (4th Cir. 1997). Jones is hereby notified that future frivolous and abusive filings may result in the imposition of a pre-filing injunction against him. Cromer v. Kraft Foods N. America, Inc., 390 F.3d 812, 819 (4th Cir. 2004).

2